UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRISHA RYANNE SHANDOR,

       Plaintiff,                          Case Number 21-10708

v.                                                Honorable David M. Lawson

UNITED STATES OF AMERICA,
U.S. BUREAU OF PRISONS,
U.S. BUREAU OF PRISONS OFFICE
OF PERSONNEL MANAGEMENT
RETIREMENT AND INSURANCE
GROUP, and YET UNKNOWN PAST
AND PRESENT BUREAU OF PRISONS
OFFICE WORKERS,

       Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT WITHOUT PREJUDICE

Plaintiff Trisha Shandor sued the United States, the U.S. Bureau of Prisons, and related government defendants for their refusal to pay federal retirement benefits to her as the former spouse of a federal retiree previously employed by the BOP. The government has moved to dismiss for lack of subject matter jurisdiction. The plaintiff filed a tardy response and supplemental response to the motion, which do not address the arguments raised in the government's brief. Nonetheless, the Court finds that the issues have been briefed sufficiently and oral argument will not aid in its disposition. Therefore, the Court will cancel oral argument and decide the motion on the papers submitted. E.D. Mich. LR 7.1(f)(2). Because the Civil Service Retirement Act (CRSA) defines the exclusive avenue for administrative and judicial review of retirement benefit decisions, a route that does not pass through this Court, the Court will grant the motion and dismiss the case without prejudice.

I.

Plaintiff Trisha Ryanne Shandor married Patrick Joel Shandor in 1997. The couple had three children who now all are adults. Patrick Shandor worked at the Milan Federal Correctional Institution until his retirement from the Bureau of Prisons in April 2015. Since his retirement, Patrick has received full federal retirement benefits.

In 2016, the couple filed for divorce. On July 18, 2016, the family court entered a consent decree of divorce that awarded Trisha Shandor certain property including entitlement to a share of Patrick's retirement benefits. On August 16, 2016, the plaintiff sent the judgment of divorce to the Bureau of Prisons and the Office of Personnel Management with associated forms requesting payment to Trisha Shandor of the awarded share of Patrick's federal retirement benefits. Between August 2016 and May 2019, the plaintiff sent numerous follow-up letters and made more than 30 telephone inquiries about the benefit request. Additional information relating to the request was submitted, including a hand signed, certified copy of the divorce decree. In response, the plaintiff has received only one unresponsive and ambiguous telephone message. To date, the defendants have failed or refused to make any payments to Ms. Shandor.

The plaintiff filed her complaint in this case on March 31, 2021. The complaint pleads a single cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), alleging violations of her federal and state due process rights, based on her position that "it should not take five years" to process the request for payment of the awarded portion of spousal retirement benefits. In her prayer for relief the plaintiff asks the Court to award past-due benefits, along with "accrued interest" and "treble damages," according to state law, Mich. Comp. Laws § 600.6013.

On July 6, 2021, the government filed a motion to dismiss the case in lieu of an answer, arguing lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) and failure to state a claim (Rule 12(b)(6)).  On October 11, 2021, long after the time for opposing the motion had expired, the plaintiff filed a belated and cursory response, which cites no legal authority.  She followed up the next day with a supplement, arguing that one basis for subject matter jurisdiction can be found in 42 U.S.C. § 1983.

II.

The defendants' argument that the Court lacks jurisdiction has merit, so the Court will not — and ought not — address the merits argument on whether the complaint states a cognizable claim.  *Brownback v. King*, --- U.S. ---, 141 S. Ct. 740, 750 (2021) (holding that although a motion to dismiss may invoke both Rules 12(b)(1) and 12(b)(6), where the Court "lack[s] subject-matter jurisdiction for [any] non-merits reason[] . . . it must dismiss the case under just Rule 12(b)(1)").

A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) may be brought as a facial attack — that is, a challenge to the sufficiency of the complaint — or a factual attack — taking in evidence beyond the pleadings.  *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  The defendants argue the former, and therefore the Court will look only to the complaint filed.  The plaintiffs have the burden to prove the jurisdictional facts.  *Id.* at 760 (citing *DLX, Inc., v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)).

The defendants — the government — argue that the CSRA defines the sole avenue for review of retirement benefit decisions by the Office of Personnel Management, which must be appealed at the administrative level first to the Merit Systems Protection Board, with ensuing judicial review exclusively by appeal to the Federal Circuit.  They are correct.

It has been regularly held that federal courts other than the Federal Circuit lack jurisdiction over claims challenging OPM decisions relating to federal retirement benefits. *Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005). "The Civil Service Retirement Act, codified at 5 U.S.C. §§ 8331 *et seq.*, provides for payment of annuities to retired federal employees and their surviving spouses. Congress has entrusted the administration of this system to the Office of Personnel Management." *Id.* at 64 (citing 5 U.S.C. § 8347(a)). "The CSRA provides that OPM 'shall adjudicate all claims' for retirement benefits, and sets forth a detailed regime for reviewing those decisions." *Ibid.* (citing 5 U.S.C. § 8347(b)). "The CSRA first allows a claimant to appeal an adverse OPM decision to the Merit Systems Protection Board." *Ibid.* (citing 5 U.S.C. § 8347(d)(1)). "Claimants can then seek judicial review of MSPB final orders and decisions, but — except for certain discrimination claims — must do so before the Court of Appeals for the Federal Circuit." *Ibid.* (citing 5 U.S.C. § 7703(b)(1)).

It is well established that the United States and its agencies are "immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define [any federal] court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Although the government has consented to be sued as expressed in various legislative enactments, such as the Administrative Procedures Act, 5 U.S.C. § 702, "[t]he APA excludes from its waiver of sovereign immunity . . . claims for which an adequate remedy is available elsewhere, and . . . claims seeking relief expressly or impliedly forbidden by another statute," *Transohio Savings Bank v. OTS*, 967 F.2d 598, 607 (D.C. Cir. 1993).

A claim relating to federal retirement benefits must be brought under the Civil Service Retirement Act, as "these remedial provisions are exclusive, and may not be supplemented by the recognition of additional rights to judicial review having their sources outside the CSRA."

*Fornaro*, 416 F.3d at 66; *see also El v. United States*, 730 F. App'x 928 (Fed. Cir. 2018) (holding that the Court of Federal Claims lacked jurisdiction over a Tucker Act claim challenging an alleged miscalculation of retirement benefits).

The plaintiff's opposition to the motion to dismiss largely reiterates the allegations of the complaint, with the addition of an unsubstantiated assertion in a footnote that the Merit Systems Protection Board is understaffed and has a "substantial backlog" of cases. The opposition brief cites no legal authority, and the plaintiff merely asserts, without elaboration, that the cases cited by the government and discussed above are "inapplicable." However, as indicated above, the decisions on point establish that judicial review of the plaintiff's grievance about the handling of her claim for spousal benefits is not available in the first instance in this Court. The plaintiff has cited no statute or case law holding otherwise.

In her supplement, the plaintiff contends that subject matter jurisdiction can be predicated on 42 U.S.C. § 1983. However, the plaintiff did not plead any claims under section 1983, nor could she. That statute authorizes claims only against *state* officials. "Congress did not create an analogous statute for federal officials." *Ziglar v. Abbasi*, --- U.S. ---, 137 S. Ct. 1843, 1854 (2017); *see also Zareck v. Corr. Corp. of Am.*, 809 F. App'x 303, 305 (6th Cir. 2020) ("The district court here correctly identified that § 1983 claims may be brought against only state, not federal, actors."). Apparently realizing this, the plaintiff predicated her claims on *Bivens*. In any event, section 1983 provides the plaintiff no jurisdictional route into federal court under the pleaded facts.

The United States has not consented to be sued in the district court for the denial of retirement benefits by a federal employee or those claiming through such an employee. This Court has no jurisdiction to entertain the suit.

III.

Cases, such as this, over which the Court has no subject matter jurisdiction must be dismissed without prejudice, that is, without addressing the merits of the claim.

Accordingly, it is **ORDERED** that the motion to dismiss (ECF No. 11) is **GRANTED**.

It is further **ORDERED** that oral argument on this motion previously scheduled for October 14, 2021 is **CANCELLED**.

It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated:   October 12, 2021